UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DONNA LEONARD, and )
CASSIUS JONES, )
　　　　　　　　　　　　　　　　 )
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　 )
v. ) Case No. 13-CV-0256-CVE-FHM
　　　　　　　　　　　　　　　　 )
THE CITY OF TULSA, CHUCK JORDAN, )
JOHN DOE # 1, JOHN DOE # 2, )
JOHN DOE # 3, and JOHN DOE # 4, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　　Defendants. )

## OPINION AND ORDER

Before the Court is defendants City of Tulsa (the City) and Chuck Jordan's[1] motion to dismiss. Dkt. # 7.

### I.

The following facts alleged in plaintiff's petition are taken as true for the purpose of the motion to dismiss. Plaintiffs Donna Leonard and Cassius Jones were inside their home. Defendants, four Tulsa Police Department officers identified as John Doe ## 1-4, entered plaintiffs' home without a warrant or probable cause. Plaintiffs complied with the officers' commands; however, two officers placed Jones in handcuffs and threw him to the floor. The four officers ransacked plaintiffs' home while verbally assaulting plaintiffs, including accusing Jones of committing a crime. Thereafter, the officers learned that Jones was not the suspect that they apparently had been seeking, removed the restraints from Jones, and left the residence. Jones suffered severe and permanent

---

[1] Defendants note that Chuck Jordan's name is "Charles W. Jordan." Dkt. # 7, at 1. Jordan was named both in his official capacity as chief of police and his individual capacity. Dkt. # 5, at 1. Defendants state that Jordan, in his individual capacity, has not yet been served and did not join the motion to dismiss. Dkt. # 9, at 5.

injuries that required extensive medical treatment. Plaintiffs' property was also destroyed and displaced during the search of plaintiffs' home.

Plaintiffs filed a petition in state court, and the City and Jordan removed. Plaintiffs filed an amended complaint and asserted three claims: negligence (count one) against the City; civil rights claims under 42 U.S.C. § 1983 (count two) against Jordan, in his official and individual capacities, and John Doe ## 1-4; and state constitutional violations (count three) against all defendants. Dkt. # 5. Thereafter, the City and Jordan, in his official capacity, filed a motion to dismiss (Dkt. # 7), to which plaintiffs responded (Dkt. # 8).

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007);

Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

### III.

The City and Jordan, in his official capacity, assert that the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims, because the state law claims raise a novel or complex issue of state law and predominate over those based on federal law. Additionally, the City and Jordan argue that Jordan, in his official capacity, should be dismissed as a party because plaintiffs also name the City as a party.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However,

> [u]nder 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law, it substantially predominates the claim(s) over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or there are other compelling reasons for declining jurisdiction.

Nielander v. Bd. of Cnty. Comm'rs, 582 F.3d 1155, 1172 (10th Cir. 2009). "In deciding whether to exercise jurisdiction, the district court is to consider 'judicial economy, convenience, fairness, and comity.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Defendants removed the case pursuant to 28 U.S.C. § 1331, based upon plaintiffs' claims under 42 U.S.C. § 1983. However, plaintiffs' claims all relate to the entry into plaintiffs' home and the officers' actions. In other words, all claims are "part of the 'same case or controversy.'" Villalpando v. Denver Health and Hosp. Auth., 65 Fed. Appx. 683, 688 (10th Cir. 2003) (unpublished)[2] (quoting 28 U.S.C. § 1367(a)). Thus, pursuant to 28 U.S.C. §§ 1331 and 1367, the Court has subject matter jurisdiction over all claims.

Defendants argue that the state law claims against the City raise a novel and complex issue of state law and the Court should therefore decline to exercise supplemental jurisdiction over plaintiffs' state law claims. In support, defendants assert that the Oklahoma Supreme Court, in answering a question certified to it by the Eastern District of Oklahoma, found that a private right of action for violation of article II section 30 of the Oklahoma Constitution existed against a municipality based upon respondeat superior. See Bosh v. Cherokee Cnty Bldg. Auth., 2013 WL 519897 (Okla. Feb. 12, 2013). Defendants argue that, because Bosh is not yet final (see infra), and because a first-impression ruling on such a claim in federal court would be "troublesome," the Court should decline to exercise jurisdiction over plaintiffs' state law claims. It is worth noting, however, that this argument must relate to one part of count three only - - the claim for violation of Okla. Const. art 2, § 30. In other words, defendants' argument relies entirely on the Bosh decision, which

---

[2] Unpublished decisions are not precedential but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

4

is based on that particular section. Plaintiffs bring a claim pursuant to Okla. Const. art. 2, § 30 (count three); however, plaintiffs also bring a negligence claim against the City (count one) and a claim for violation of Okla. Const. art. 2, § 7 (count three). Defendants do not assert that plaintiffs' other state law claims raise novel or complex issues of state law.

In Bosh, the Oklahoma Supreme Court found that a plaintiff had a claim against a municipality based on the acts of an employee that violated plaintiff's state constitutional rights, specifically Okla. Const. art. 2, § 30. Id. at *7 ("there is no reason why the doctrine of *respondeat superior* should not apply to hold employers liable for their employees [sic] violations of a plaintiff's rights under art. 2, § 30 where the employees act within the scope of their employment.") (italics in original). Through Bosh, the Oklahoma Supreme Court squarely answered the question of whether plaintiff may assert a claim for violation of that section of the Oklahoma Constitution. Although Bosh is not yet published, and is therefore not precedential, it offers guidance and is a case that this Court can utilize to determine Oklahoma law. See Okla. Stat. tit. 12, Appx. 1, R. 1.200(c).[3] Additionally, in Bosh, the Oklahoma Supreme Court found that well-settled respondeat superior case law applies to claims under Okla. Const. art. 2, § 30. Bosh, 2013 WL 519897, at *6; see also Tuffy's Inc. v. City of Oklahoma City, 212 P.3d 1158, 1163 (Okla. 2009). Requiring plaintiff to litigate one claim, which arose from the same transaction as all the other claims, in state court while exercising jurisdiction over all remaining claims would waste judicial and party resources. Therefore, the Court finds that declining supplemental jurisdiction over plaintiff's claim pursuant to article II section 30 of the Oklahoma Constitution would be improper.

---

[3] To the extent that Bosh is later withdrawn or altered, as defendants assert, the Court would then apply that law as the law of Oklahoma.

Defendants' second argument is that plaintiffs' state law claims predominate, and the Court should decline to exercise supplemental jurisdiction over them. In support, defendants assert three arguments: plaintiffs' claim based upon federal law (count two) will likely be dismissed; the four John Doe officers have not yet been served; and plaintiffs failed to state a claim against Jordan, in his individual capacity, because there are no factual allegations against him with the exception of naming him as chief of police. Dkt. # 7, at 5.

The Court will not consider what claims are "likely" to be dismissed in analyzing a motion to dismiss. Instead, for the purpose of making a determination in the context of a Rule 12(b)(6) motion, all well-pleaded allegations should be accepted as true and construed in the light most favorable to plaintiffs. Therefore, that argument must fail and will not support a decision to decline to exercise supplemental jurisdiction.

As to defendants' second argument, plaintiffs filed their petition in April 2013, and defendants filed their motion to dismiss in May 2013. A delay of one or two months in serving four unnamed defendants will also not support defendants' argument.[4]

Finally, in their amended complaint, plaintiffs state that Jordan trained and supervised the four officers and used his powers and authorities under Oklahoma law. Dkt. # 5, at 2. Pursuant to practices and customs promulgated by Jordan, the officers unlawfully entered plaintiffs' home and violated plaintiffs' state and federal constitutional rights. Id. at 3. "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Monroe v. Pape, 365 U.S. 167 (1961)) (emphasis in original). "In addition, supervisors may be liable for a

---

[4] The Court notes that the four officers have not yet been served.

subordinate's constitutional deprivations under certain circumstances.  As a general matter, § 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008) (citing Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)).  "[I]n situations where an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise, the supervisor may be personally liable."  Id. (internal quotation marks and citation omitted).  Defendants' sole argument is that "[p]laintiffs have failed to state a plausible claim against [ ] Jordan, individually, as required by the *Iqbal* and *Twombly* standards because the sole non-conclusory factual allegation against him is that he is the chief of police."  Dkt. # 5, at 7.  Plaintiffs' factual allegations against Jordan are not limited to his title as chief of police, and the Court finds that plaintiffs have alleged sufficient facts to state a claim. Therefore defendants' argument fails.

Finally, the state law claims do not substantially predominate over the federal law claim. See Nielander, 582 F.3d at 1172.  In count two, plaintiffs cite violations of at least the Fourth and Fourteenth Amendments.[5]  Those are not minor or inconsequential and are not vastly outnumbered by the three bases for plaintiffs' state law claims - - negligence and two state constitutional violations. Therefore, the Court finds that the state law claims do not substantially predominate over

---

[5] Plaintiffs do not specifically enumerate, in their claim under 42 U.S.C. § 1983, what constitutional provisions or statutes were allegedly violated. However, § 1983 provides only a cause of action and does not create an actionable right; therefore, plaintiffs are at least alleging Fourth and Fourteenth Amendment claims within count two.

plaintiffs' federal law claim and will not decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

Defendants' final argument is that Jordan, in his official capacity, should be dismissed as "[d]uplicative." Dkt. # 7, at 6. Defendants assert that Jordan and the City, for purposes of liability, are the same. "A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." Watson v. City of Kansas City, 857 F.2d 690, 695 (10th Cir. 1988) (citations omitted); Kentucky, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citation omitted).

Plaintiffs allege two counts against Jordan. He is named in plaintiffs' claim pursuant to 42 U.S.C. § 1983 (count two) and in plaintiffs' claim for violation of the Oklahoma constitution (count three). In count two, only Jordan and John Doe ## 1-4 are named. However, in count three, both Jordan and the City are named. Therefore, dismissal of Jordan, in his official capacity, as to all counts is improper - - although Jordan, in his official capacity, and the City are the same entity, only Jordan is named in count two. However, as to count three, Jordan, in his official capacity, is duplicative, and should be dismissed. Jordan, in his individual capacity, remains a party as to count three.

**IT IS THEREFORE ORDERED** that defendants City of Tulsa and Chuck Jordan's motion to dismiss is **granted in part and denied in part**: it is granted insofar as **Chuck Jordan**, in his official capacity, is **dismissed as a party as to count three only**; defendants' motion is **denied** as to the dismissal of all other counts or parties.

**IT IS FURTHER ORDERED** that defendants City of Tulsa and Chuck Jordan shall file their answer(s) to plaintiffs' amended complaint (Dkt. # 5) no later than **July 8, 2013**.

**DATED** this 24th day of June, 2013.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE